UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ROBERT WALBROOK,<br><br>                Plaintiff,<br><br>– against –<br><br>ROBERT REILLY, *et al.*,<br><br>                Defendants. | **MEMORANDUM, ORDER & JUDGMENT**<br><br>13-CV-3811 |
| ROBERT WALBROOK,<br><br>                Plaintiff,<br><br>– against –<br><br>ANTHONY LINDSAY, *et al.*,<br><br>                Defendants. | 14-CV-299 |

JACK B. WEINSTEIN, Senior United States District Judge:

### I. Introduction

Plaintiff filed a complaint ("*Walbrook I*") against New York State Corrections officers Robert Reilly and Brian Braveis and New York City Department of Correction ("DOC") Officers Sakeisha Pollard and Laverne Reeder for assault. *See Walbrook v. Reilly, et al.*, Compl., 13-CV-3811, June 17, 2013, ECF No. 2.

A second complaint ("*Walbrook II*") was filed against DOC Captain Vincent Debrule, and DOC Correction Officers Signora Blake, John Butler, Vincent Calabro, Anthony Lindsay, and Hakim Punter for an independent set of assaults. *See Walbrook v. Lindsay, et al.*, Compl., 14-CV-299, Jan. 6, 2014, ECF No. 1.



1

On February 19, 2014, Plaintiff signed a release in *Walbrook I*. Letter, 13-CV-3811, Mar. 25, 2014, ECF No. 40-2.

Plaintiff moved to vacate the settlement in *Walbrook I* on the basis of "fraud and mistake." Mot., 14-CV-299, May 7, 2014, ECF No. 20. Plaintiff's motion was denied. *See* Mot. H'rg, , 14-CV-299, May 29, 2014, ECF No. 30; Judgment, 13-CV-3811, Oct. 10, 2014, ECF No. 57.

*Walbrook I* defendants Pollard and Reeder move to enforce the settlement. *See* Mot. to Dismiss and to Enforce the Settlement by Sakeisha Pollard and Laverne Reeder, 13-CV-3811, June 11, 2014, ECF No. 45. The motion to enforce the settlement is granted for the same reasons that plaintiff's motion to vacate the settlement was denied. *See* Mot. H'rg, 14-CV-299; Judgment, 13-CV-3811.

Defendants move to dismiss *Walbrook II* on the grounds that plaintiff is barred from bringing claims based on the settlement in *Walbrook I*. The motion to dismiss *Walbrook II* is granted.

## II. *Walbrook II* Is Barred By the Terms of the Settlement in *Walbrook I*

"Settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Bull Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998).

The language of the Release in *Walbrook I* is clear and unambiguous. *See, e.g., Muhammad v. Schriro*, No. 13-CV-1962(PKC), 2014 WL 4652564, at *2 (S.D.N.Y. Sept. 18, 2014) (finding similar release of City of New York to be clear and unambiguous); *Cuadrado v.*

*Zito*, No. 13-CV-3321(VB), 2014 WL 1508609 (S.D.N.Y. March 21, 2014) (same). The General Release releases "the City of New York, and all past and present officers . . .[and] employees . . . of the City of New York . . . from any and all claims . . . . whatsoever that occurred *through the date of this RELEASE . . .*" , Letter, 13-CV-3811. It barred plaintiff from bringing any claim against the City of New York or its employees for any incident that occurred prior to February 19, 2014, the release date.

The September 19, 2013 incident, which forms the basis of *Walbrook II*, predates the General Release. The General Release therefore bars plaintiff from bringing *Walbrook II*.

### III. Conclusion

Defendants' motion to dismiss *Walbrook II* is granted.

Defendants' motion to enforce the settlement in *Walbrook I* is granted.

Defendants are directed to serve a copy of this memorandum, order and judgment, as well as the transcript of the hearing on these motions, on the plaintiff. No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: October 27, 2014
Brooklyn, New York